By the Court.—Bedford, City Judge.
The district-attorney moves to transfer to the oyer and terminer certain indictments found in this court.
The power of tranferring to and fro is a proper jurisdictional one of either of said courts (People v. Shepard, 11 Abb. Pr., 59). It is one of discretion. I think the power should never" be exercised without public motion, and on notice to the district-attorney, if proposed by *352 one under indictment; or if proposed by the district-attorney, on notice to the adverse counsel or party.
In one of the cases asked to be transferred, the counsel for defendant raises certain objections. Criminal cases are now too much burdened with questions naturally arising, to have unnecessary ones raised that may additionally embarrass their due disposition. I shall, therefore, decline to transfer the McFarland case, in which the objection is made. I will transfer any case in which both district-attorney and the accused, or by his counsel, agree in writing to the transfer; but if either object, I would like to be informed on argument •of the reasons pro and con before exercising discretion.
After arriving at this decision, I consulted with my colleague, Recorder Hackett, whose views with regard to this question I will here mention fully coincide with my own, as above seated.